IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Nos. 7:10-CR-030-F
7:13-CV-204-F

| | |
|---|---|
| MIGUEL BRACAMONTES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion to vacate filed on September 16, 2013 [DE #266]. Petitioner filed a corrected motion to vacate on September 30, 2013 [DE #270]. The government has moved to dismiss [DE #272] for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment. Petitioner has responded. These motions have been referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that the government's motion be granted and that Petitioner's claims be dismissed for failure to state a claim.

## STATEMENT OF THE CASE

On October 4, 2010, Petitioner pleaded guilty to one count of eluding examination and inspection by immigration officers, in violation of 8 U.S.C. § 1325(a) (count five). After two days of trial, on October 14, 2010, Petitioner also pleaded guilty to the following offenses: one count of conspiracy to distribute and possess with the intent to distribute more than five-hundred grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one); one count of

conspiracy to distribute and possession with the intent to distribute a quantity of cocaine and fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count two); and one count of possession with the intent to distribute a quantity of cocaine and fifty grams or more of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count three). On February 1, 2011, the court sentenced Petitioner to a 364-month term of imprisonment. Petitioner appealed his sentence. On April 11, 2012, the Fourth Circuit Court of Appeals affirmed Petitioner's sentence. Petitioner filed a petition for a writ of certiorari with the Supreme Court, which was denied on October 1, 2012. On September 16, 2013, Petitioner filed the motion presently before the court in which Petitioner seeks to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts four arguments in support of his § 2255 motion: (1) Petitioner's plea was obtained by unlawful means; (2) Petitioner's plea was obtained by unconstitutional means; (3) the court erred by imposing a four-level enhancement for holding a leadership role; and (4) Petitioner's trial counsel was ineffective for allowing the four-level enhancement to be applied without sufficient evidence. Thus, he requests that this court vacate his sentence and remand his case for resentencing.

**I.     Motion to Vacate**

    **a.     Procedural Default**

Petitioner appears to argue in his first and second arguments that his sentence is unlawful or unconstitutional in violation of *Apprendi* and *Alleyne*. However, Petitioner has procedurally defaulted on his claims brought under *Apprendi* and *Alleyne*. Petitioner neither raised these issues nor provided any explanation why they were not raised on appeal. Petitioner has not shown cause

2

and prejudice or a fundamental miscarriage of justice excusing his procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is actually innocent.); *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (explaining that where petitioner did not raise issues on direct appeal, he was barred from later addressing those issues on collateral review). Thus, Petitioner is precluded from bringing these claims in a § 2255 motion. Alternatively, as discussed below, these claims fail to state a claim upon which relief may be granted.

    **b.**     *Apprendi/Alleyne*

Petitioner asserts that he was held responsible for holding a leadership role in violation of *Apprendi* and *Alleyne*. Petitioner is not entitled to relief because *Apprendi* and *Alleyne* do not preclude a court from making factual findings at sentencing with regard to matters that do not impact the statutory punishment. *See Alleyne*, 133 S. Ct. at 2163 ("Our [holding] does not mean that any fact that influences judicial discretion must be found by a jury."); *see also Apprendi*, 530 U.S. at 490 (holding that facts increasing the statutory penalties must be submitted to a jury). Both *Apprendi* and *Alleyne* are limited to circumstances in which the statutory sentence is affected. The Court in *Apprendi* held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The Court in *Alleyne* held, "[F]acts that increase mandatory minimum sentences must be submitted to the jury. . . ." *Alleyne*, 133 S. Ct. at 2163. The Court was careful to note that its decision in *Alleyne* "does not mean that any fact that influences judicial discretion must be found by a jury" and that the Court "ha[s] long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Id.*

3

Here, Petitioner faced a statutory sentence of ten years to life on counts one, two, and three and a statutory sentence of zero to six months on count five. The finding that Petitioner held a leadership role did not raise his statutory minimum or maximum, but was instead used to establish the advisory guideline range for sentencing. *See United States v. Booker*, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.").

Furthermore, *Alleyne* does not help Petitioner because it has not been made retroactively applicable to cases on collateral review. *United States v. Stewart*, 540 Fed. App'x 171, 172 n.1 (4th Cir. 2013) (noting that "*Alleyne* has not been made retroactively applicable to cases on collateral review").

### c. Four-Level Enhancement

Next, Petitioner asserts that the court erred when it applied a four-level enhancement for maintaining a leadership role. However, the Fourth Circuit Court of Appeals directly addressed this argument on appeal and affirmed the district court's application of the enhancement. "[I]t is well settled that [Petitioner] cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion.'" *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (quoting *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)). Because Petitioner's claim was addressed on direct appeal, Petitioner is procedurally barred from raising it now.

### d. Ineffective Assistance of Counsel

Petitioner next argues that his trial attorney was ineffective in allowing the four-level enhancement to be applied without sufficient supporting evidence having been produced. To establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694

4

(1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. In the context of a plea, a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the petitioner bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

Petitioner's claim is without merit. The record demonstrates that Petitioner's attorney objected to the four-level enhancement at sentencing, and the Fourth Circuit affirmed Petitioner's sentence, specifically concluding that the four-level enhancement was supported by sufficient evidence. As such, Petitioner has not demonstrated that his attorney's actions fell below the objective level of reasonableness or that he was prejudiced by his attorney's failure to object to the enhancement. Therefore, Petitioner's ineffective assistance of counsel claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that the government's Motion to Dismiss [DE #272] be GRANTED and Petitioner's Motion to Vacate [DE #266] be DISMISSED for failure to state a claim upon which relief can be granted.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties or their counsel of record. Each of the parties is advised as follows: You shall have until **July 15, 2016**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may

5

accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 28th day of June 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge