IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-00030-F-1
No. 7:13-CV-00204-F

| | |
|---|---|
| MIGUEL BRACAMONTES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Before the court are the following:

> (1) the Memorandum and Recommendation ("M&R") [DE-343] of United States Magistrate Judge Kimberly A. Swank;
> (2) the Government's Motion to Dismiss [DE-272] Miguel Bracamontes' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-266, -270][1]; and
> (3) Bracamontes' two Motions to Amend [DE-345, -351].

The matters have been fully briefed and are now ripe for ruling. For the reasons addressed below, the court ADOPTS the recommendation of the Magistrate Judge, the Government's Motion to Dismiss is ALLOWED, Bracamontes' Motion to Vacate is DENIED, and his two Motions to Amend are DENIED.

## I. Discussion

**A. Motion to Vacate**

**1. Legal Standard**

---

[1] Bracamontes's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-266], which was filed on September 16, 2013. At the court's direction, Bracamontes filed a "conforming" motion [DE-270] on September 30, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of a timely-filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

On June 28, 2016, the Magistrate Judge issued a M&R recommending that the Government's Motion to Dismiss [DE-272] be ALLOWED and Bracamontes' Motion to Vacate [DE-266, -270] be DISMISSED for failure to state a claim upon which relief can be granted. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the M&R and the consequences if they failed to do so. On July 11, 2016, Bracamontes filed Objections [DE-347] to the Magistrate Judge's M&R. Bracamontes raises two objections. First, Bracamontes alleges that his attorney provided ineffective assistance of counsel by withdrawing from his case. Second, Bracamontes contends that he is entitled to a two-level reduction based on an amendment to U.S.S.G. § 3B1.1(a).

**2. Bracamontes' Objections**

**a. Bracamontes has failed to state a claim of ineffective assistance in his first objection.**

In his first objection, Bracamontes alleges that his attorney provided ineffective assistance by withdrawing from his case. *See* Objections [DE-347] at 2. Bracamontes contends that the Fourth Circuit Court of Appeals vacated his sentence on October 20, 2014, but two days later, the probation department tricked him into signing some papers that stated he had "nothing coming." *Id.* Bracamontes concludes that if his attorney had provided effective assistance, he would not been tricked. *Id.* at 3.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address Bracamontes' first objection.

A review of the record reveals that on October 20, 2014, the Fourth Circuit Court of Appeals vacated and remanded this court's order denying Bracamontes relief on his 18 U.S.C.

3

§ 3582(c)(2) motion for reduction of sentence. *See* Unpublished Opinion [DE-309]. According to the Fourth Circuit, this court denied the motion on the basis that Bracamontes' offenses did not involve crack cocaine. *Id.* The Fourth Circuit noted that two of the counts to which Bracamontes pled guilty charged him with offenses involving both cocaine and cocaine base. *Id.*

On remand, this court again denied Bracamontes' motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). *See* December 5, 2014 Order [DE-322]. This court held as follows:

> Two of the four counts to which Bracamontes pled guilty charged him with offenses involving both cocaine and cocaine base. However, *the defendant was not held accountable for any cocaine base.* Specifically, Bracamontes was held accountable for methamphetamine, cocaine, and marijuana.

*Id.*(emphasis added).

Bracamontes now alleges that he was denied relief on his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because he signed a document that stated he had "nothing coming." *See* Objections [DE-347] at 2. Bracamontes is incorrect. Bracamontes was denied relief because, at sentencing, he was held accountable only for 94 kilograms of methamphetamine, 247 grams of cocaine, and 365 grams of marijuana. PSR at 10, ¶ 34; PSR at 12, ¶ 35. Bracamontes' offense did not involve crack cocaine, so he was not entitled to a sentence reduction pursuant to Amendment 750, which focuses on crack cocaine's disparity with powder cocaine. Bracamontes was not entitled to relief, and his attorney could not have altered this result.

Bracamontes has failed to show prejudice; thus, this claim fails under the second prong of *Strickland*. Because Bracamontes has made an insufficient showing on prejudice, this court need not address performance. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court

4

deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."). Bracamontes has failed to state a claim of ineffective assistance of counsel. Consequently, Bracamontes' first objection is overruled.

**b. Bracamontes has failed to show that he is entitled to a two-level reduction based on an amendment to U.S.S.G. § 3B1.1(a).**

In his second objection, Bracamontes contends that he is entitled to a two-level reduction based on an amendment to U.S.S.G. § 3B1.1(a). *See* Objections [DE-347] at 3.

At sentencing, the court applied a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a) for role in the offense.[2] PSR at 16, ¶ 59. U.S.S.G. § 3B1.1 became effective on November 1, 1987, with amendments effective November 1, 1991 and November 1, 1993. The 2010 edition of the U.S. Sentencing Commission Guidelines Manual was used in Bracamontes' case, PSR at 16, and his sentencing was held on February 1, 2011. No amendments have been made to U.S.S.G. § 3B1.1 since the time of Bracamontes' sentencing. Accordingly, Bracamontes' second objection is completely without merit and must be overruled.

**B. Motions to Amend**

**1. Legal Standard**

The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 do not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). A party may amend his pleading once

---

[2] Bracamontes was found to be an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. PSR at 16, ¶ 59. Bracamontes maintained a leadership role, had control of drug proceeds, and received a larger share of the drug proceeds. *Id.*

5

as a matter of course within twenty-one days after service, or, if it is a pleading requiring a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). The Fourth Circuit Court of Appeals has held that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). In either case, leave should be freely granted and denied only where good cause exists, such as prejudice to the opposing party. *Id.* Also, leave should be denied when the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

### a. First Motion to Amend

In his first Motion to Amend, Bracamontes moves to add a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Amend [DE-345] at 1. In *Johnson*, the Supreme Court declared the "residual clause" under the Armed Career Criminal Act, located at 18 U.S.C. § 924(e)(2)(B)(ii), to be unconstitutionally vague. *Johnson* applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Bracamontes' reliance on *Johnson* is misplaced because Bracamontes was not sentenced as an armed career criminal or a career offender[3], and he did not receive a sentence enhancement based on a prior violent felony conviction. Because *Johnson* does not affect Bracamontes'

---

[3] On June 27, 2016, the Supreme granted certiorari in *Beckles v. United States*, 15-8544. The questions presented in *Beckles* include whether *Johnson* applies retroactively to collateral claims challenging sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). *See* http://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-8544.htm (last accessed August 22, 2016).

6

sentence, his proposed amendment would be futile. Accordingly, Bracamontes' Motion to Amend [DE-345] will be denied.

### b. Second Motion to Amend

Bracamontes' final motion before the court is entitled "Supplemental Authority." Mot. Amend [DE-351]. The court construes the filing as a Motion to Amend because Bracamontes is essentially moving to add a claim under Amendment 794 to the U.S. Sentencing Guidelines.

Amendment 794 amended the Commentary to U.S.S.G. § 3B1.2, which addresses a mitigating role in the offense.[4] *United States v. Donis-Galan*, No. 15-11209, 2016 WL 1238205, at \*2 n.2 (11th Cir. March 30, 2016). Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether or not to apply a mitigating role adjustment.[5] *United States v. Gomez-Valle*, No. 15-41115, 2016 WL 3615688, at \*4 (5th Cir. July 5, 2016). Amendment 794 also states that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.*

While Amendment 794 applies retroactively in direct appeals, *United States v. Quintero-*

---

[4] The effective date of Amendment 794 was November 1, 2015. *See* U.S.S.G. app. C, amend. 794, at 118 (Supp. Nov. 1, 2015).

[5] The factors are "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity"; and "(v) the degree to which the defendant stood to benefit from the criminal activity." *See* U.S.S.G. app. C, amend. 794, at 116 (Supp. Nov. 1, 2015).

7

*Leyva*, 823 F.3d 519, 521 (9th Cir. 2016), Bracamontes' direct appeal was resolved several years ago. In sum, Bracamontes is not entitled to relief under Amendment 794, and for this reason, the proposed amendment would be futile. Consequently, Bracamontes' second Motion to Amend [DE-351] is DENIED.

## II. Conclusion

Upon careful review of the M&R and of the record generally, the court hereby ADOPTS the recommendation of the Magistrate Judge. For the reasons set forth in the M&R, in addition to the above-stated reasons, it is ORDERED that the Government's Motion to Dismiss [DE-272] is ALLOWED, Bracamontes' Motion to Vacate [DE-266, -270] is DENIED, and his Motions to Amend [DE-345, -351] are DENIED.

It is further ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct).

SO ORDERED.

This, the 24 day of August, 2016.

_JAMES C. FOX_
Senior United States District Judge